**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                **V.**                                  **1:02-CR-126**

**KEITH LILLARD,**

                **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


**DECISION & ORDER**

**I. DISCUSSION**

      Defendant Keith Lillard was convicted upon his plea of guilty to distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and, on October 17, 2002, sentenced principally to 72 months of incarceration. See Judgment, dkt. # 20.  On July 20, 2006, Defendant filed an application seeking "a downward departure from the United States Sentencing Guidelines based on post-conviction rehabilitation."  Motion, dkt. # 22.  Defendant does not state the procedural mechanism by which he proceeds.  However, the Court finds no basis upon which to re-sentence Defendant.[1]

---

[1] The Court does not interpret Defendant's application as a motion made pursuant to 28 U.S.C. § 2255 because he does not assert that the underlying conviction or sentence was the result of "constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in complete miscarriage of justice." Graziano v. U.S., 83 F.3d 587, 589-90 (2d Cir. 1996)(internal quotations and citations omitted).  Further, it is well settled that "[p]ost-conviction
(continued...)

1

Inasmuch as more than seven (7) days elapsed between the time of the sentence and the instant application, this Court lacks jurisdiction to entertain the request under Rule 35 of the Federal Rules of Criminal Procedure. See Fed. R. Crim. P. 35; United States v. Werber, 51 F.3d 342, 348 (2d Cir. 1995); United States v. Dicks, 2006 WL 1438524, at * 2 (D. Conn. May 23, 2006).

Inasmuch as the application was brought by Defendant and not the Bureau of Prisons, 18 U.S.C. § 3582(c)(1)(A) is inapplicable.  Further, "because modification of a sentence due to post-conviction rehabilitation efforts is not expressly provided for by statute, and Rule 35 does not apply to [Defendant's] petition," Defendant's "request cannot overcome 18 U.S.C. § 3582(c)'s general rule that 'a court may not modify a term of imprisonment once it has been imposed.'" Dicks, 2006 WL 1438524, at * 2 (quoting Quesada-Mosquera v. U.S., 243 F.3d 685, 687 (2d Cir. 2001), cert. denied, 534 U.S. 872 (2001)).  Simply stated, "under 3582(c) ... 'post-sentence rehabilitation is not by itself a ground for modifying a sentence that has been lawfully imposed." Id. (quoting Guerrero v. U.S., 151 F. Supp.2d 446, 449 (S.D.N.Y.2001) and citing U.S. v. Barahon, 132 F. Supp.2d 255, 255 (S.D.N.Y. 2001)(finding that "....the general rule of 18 U.S.C. § 3582(c) applies, and post-sentence rehabilitation is not by itself a ground for modifying a sentence that has been lawfully imposed.")).  Thus, the Court is prohibited by statute from modifying Defendant's sentence due to his post-conviction rehabilitation efforts. Id.

---

[1](...continued)
rehabilitation . . . does not provide an independent basis for relief under 28 U.S.C. § 2255." United States v. Dicks, 2006 WL 1438524, at * 1  (D. Conn. May 23, 2006) (citing Cruz v. U.S., 2000 WL 1510079, at * 9 (S.D.N.Y. Oct. 10, 2000)("The fact that a defendant may have undergone considerable efforts to rehabilitate himself does not even arguably constitute a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in complete miscarriage of justice.")).

Finally, inasmuch as the application asks this Court to adjust the sentence but does not challenge the execution of the sentence that was imposed, the application fails to assert a cognizable claim pursuant to 28 U.S.C. § 2241.

## II. CONCLUSION

For the reasons stated above, Defendant's application for "a downward departure from the United States Sentencing Guidelines based on post-conviction rehabilitation," dkt. # 22, is **DENIED.**

**IT IS SO ORDERED**

DATED: August 23, 2003

_____
Thomas J. McAvoy
Senior, U.S. District Judge